UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MS. ELOISE CLINTON,<br><br>                    Plaintiff,<br><br>          -against-<br><br>WHITNEY HOUSTON; DOLLY PARTON;<br>ARISTA RECORDS,<br><br>                    Defendants. | 22-CV-10188 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. She alleges that Whitney Houston's song *Bodyguard* "belongs" to Plaintiff. By order dated December 6, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court directs Plaintiff to show cause why this matter should not be dismissed as time barred.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint. In 1985, Plaintiff created the song *To Love You Share My Rainbow*, which she describes as "a ballad."[1] (ECF 2, at 5.) The "words and music was made for hire by contact [in] 1985." (*Id.*) In 1992, Plaintiff "heard W[h]itney Houston on the radio every day singing the Bodyguard with my 'music' playing in the background . . . until now 'Dolly Par[t]on' has her new album 'The Bodyguard' still using my music without financial agreement." (*Id.*)

Plaintiff asserts that her music "rest[s]" at the United States Copyright Office in Washington, D.C., which she visited on September 9, 2022, to retrieve copies of her "lead sheet." (*Id.* at 5-6.) Plaintiff attaches to her complaint the lead sheet and the registration for her song *To Love You*, as well as a catalogue of the *Bodyguard* original soundtrack, indicating it was released in 1992.

**DISCUSSION**

Because Plaintiff asserts that Defendants infringed on her copyrighted material, the Court construes the complaint as asserting a claim under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*. "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *see Urbont v. Sony Music Entm't*, 831 F.3d 80, 93 (2d Cir. 2016) ("[T]he Copyright Act preempts state law claims asserting rights equivalent to those protected within the general scope of the

---

[1] All spelling, punctuation, and grammar are as in the original unless otherwise noted.

statute."). The Copyright Act became effective on January 1, 1978, "whether [works of authorship were] created before or after that date." § 301(a).

The statute of limitations for a copyright claim is three years. *See* 17 U.S.C. § 507(b). The Second Circuit has held that "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).

Plaintiff's work falls within the Copyright Act: she registered her work with the U.S. Copyright Office in 1985, when the Act was in effect. She therefore had three years from the date of discovering the infringement to file her claim. Plaintiff alleges she first learned of the infringement in 1992, when she heard *Bodyguard* on the radio. Thus, the statute of limitations on her copyright claim expired three years later, sometime in 1995.[2]

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the

---

[2] Assuming Plaintiff's copyright claims were not preempted by the Copyright Act, and she stated a common law copyright infringement claim, the statute of limitations is still three years. N.Y. C.P.L.R. § 214(4); *see, e.g.*, *ABS Entm't, Inc. v. CBS Corp.*, 163 F. Supp. 3d 103, 105-06 (S.D.N.Y. 2016) (discussing statute of limitations for state law copyright claims). Assuming still that she stated a claim under state law that did not prescribe a statute of limitation, the longer limitation period of six years, *see* N.Y. C.P.L.R. § 213(1), arguably would apply, and the limitation period would have expired in 1998.

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time barred. Indeed, Plaintiff's assertions demonstrate that, for the past 30 years, she never asserted her rights. Although she initially learned about the alleged infringement in 1992, when *Bodyguard* was released, she did not make any effort to vindicate her rights until 2022, when she filed this action.

Because there is nothing in this complaint suggesting that equitable tolling of Plaintiff's claims is appropriate, the Court is inclined to dismiss this action as time barred.[3] In light of Plaintiff's status as a self-represented litigant, however, the Court – in an abundance of caution – grants her 30 days to show cause why this action should not be dismissed as time barred.

## CONCLUSION

The Court grants Plaintiff leave to submit a written declaration, within 30 days, showing cause why the Court should not dismiss this action as time barred. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff submits a declaration, it should be labeled with docket number 22-CV-10188 (LTS). No summons shall issue at this time. If Plaintiff does

---

[3] Equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2003) (internal quotation marks, alteration, and citations omitted). To obtain the benefit of equitable tolling, a plaintiff must show (1) that she acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine. *Id.*

not file a declaration, or her declaration does not suggest that equitable tolling applies in this case, the complaint will be dismissed as time barred.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

SO ORDERED.

Dated:  April 3, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ |
| Address                City                State      Zip Code | |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2