UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MS. ELOISE CLINTON,

                Plaintiff,

-against-

WHITNEY HOUSTON; DOLLY PARTON;
ARISTA RECORDS,

                Defendants.

22-CV-10188 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 3, 2023, the Court ordered Plaintiff to show cause why this action, construed liberally as brought under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, should not be dismissed as time barred. (ECF 4.) On April 13, 2023, Plaintiff filed a declaration stating that she did not file this action in a timely fashion because she was unaware of the relevant statute of limitations. As set forth in this order, the Court concludes that the action is time barred and dismisses the complaint for failure to state a claim.

## DISCUSSION

In Plaintiff's complaint, she alleges that in 1985, she created the song *To Love You Share My Rainbow*, and in 1992, she heard Whitney Houston use Plaintiff's music for the song, *I Will Always Love You*, which Houston sang for the soundtrack of the movie, *The Bodyguard*. Plaintiff also asserted that Dolly Parton sang the same song.[1]

As the Court noted in its April 3, 2023, order, (1) the statute of limitations for a copyright claim is three years, *see* 17 U.S.C. § 507(b), (2) the statute of limitations on Plaintiff's copyright

---

[1] The Court takes judicial notice that in 1992, Houston registered *I Will Always Love You* for the movie, *The Bodyguard*, *see* U.S. Copyright Registration Number PA0001318221, and Dolly Parton registered the first version of *I Will Always Love You* in 1973, *see* U.S. Copyright Registration Number EP0000314105.

claim expired three years later, sometime in 1995, and (3) because Plaintiff did not file this action until November 30, 2022, it is untimely. The Court also noted that, although Plaintiff was not required to plead that the case was timely filed, dismissal would be appropriate if the existence of an affirmative defense, such as the statute of limitations, was plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted).

The Court granted Plaintiff leave to show cause why the action should not be dismissed, noting that equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2003) (internal quotation marks, alteration, and citations omitted). To obtain the benefit of equitable tolling, the Court also noted, Plaintiff needed to show that (1) she acted with reasonable diligence during the time period tolled, and (2) extraordinary circumstances justify the application of the doctrine. *Id.*

In her response, Plaintiff does not show that this case involves a rare and exceptional circumstance warranting the tolling of the three-year limitation period. First, Plaintiff does not show that she acted with reasonable diligence during the time period tolled, that is, from 1992, when she first learned of the alleged infringement, through November 30, 2022, when she filed this action. Second, Plaintiff's assertion that she was unaware of the three-year limitation period is insufficient because "ignorance of the law does not constitute an extraordinary circumstance warranting the imposition of equitable tolling." *Dos Santos v. Assurant, Inc.*, __ F. Supp.3d __,

2022 WL 3974594, at *8 (S.D.N.Y. Sept. 1, 2022) (quoting *Tipadis v. Comm'r*, 284 F. Supp. 3d 517, 524 (S.D.N.Y. 2018) (internal quotation marks omitted)). The Court therefore concludes that the action is time barred and dismisses the complaint for failure to state a claim. *See Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)) (dismissal because of the statute of limitations is for failure to state a claim on which relief may be granted).

## CONCLUSION

The Court dismisses the action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to entered judgment in this action.

SO ORDERED.

Dated:   May 10, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge